UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ANDRE PERRY,

                    Plaintiff(s),

                                                        **COMPLAINT &**
          v.                                            **JURY DEMAND**


THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
CORREA, Shield # 7869
Transit Bureau District 4,
NEW YORK CITY POLICE
LIEUTENANT ANGELA MORRIS,
Transit Bureau District 4,
                         Defendant(s).
-----------------------------------------------------X



## PRELIMINARY STATEMENT

1.  This is a Civil Rights action in which Plaintiff, ANDRE PERRY, seeks redress for the

Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981

and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses

of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the

Laws and Constitution of the State of New York.

## JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights.  The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,

exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, ANDRE PERRY is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE OFFICER CORREA, Shield # 7869, upon information and belief assigned to THE NEW YORK CITY POLICE DEPARTMENT'S Transit Bureau, District 4, is and at all times relevant, an Officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICER CORREA is sued individually and in his official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICER CORREA was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of THE NEW YORK CITY POLICE DEPARTMENT and Defendant

–2–

CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of his lawful duties.  Defendant NEW YORK CITY POLICE OFFICER CORREA was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of her duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9.  Defendant NEW YORK CITY POLICE LIEUTENANT ANGELA MORRIS, also upon information and belief, of Transit Bureau, District 4, is, and at all times relevant, an officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant LIEUTENANT MORRIS is sued individually and in her official capacity.  At all times relevant, Defendant LIEUTENANT MORRIS, was acting under the color of State Law in the course and scope of her duties and functions as agent, servant and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful function in the course of her duties.  Defendant LIEUTENANT MORRIS was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in her as police officer, agent and employee and supervising Officer of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and incidental to her lawful duties as officer, employee, supervising Officer and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

11.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12.  On November 19, 2014 at approximately 2:20 p.m. the Plaintiff, who is an African American resident of Brooklyn, New York, was in the New York City subway system at Union Square in Manhattan proceeding to work, when he was approached by Defendant NEW YORK CITY POLICE OFFICER CORREA.  The Plaintiff was at the top of the steps, holding his phone in his right hand, when Defendant Officer CORREA asked the Plaintiff "what do you have on?' referring to the Plaintiff's ring he was wearing on his right hand.  The Plaintiff informed Defendant OFFICER CORREA that the object was in fact a ring.  Defendant OFFICER CORREA then asked the Plaintiff, in sum and substance, "are you aware that you could hurt someone with that?', to which the Plaintiff responded, in sum and substance: "yes I'm aware that you can hurt someone with this, just like I can hurt someone with my fist, or anything else for that matter".  Defendant OFFICER CORREA then

–4–

proceeded to order the Plaintiff to produce identification.  The Plaintiff complied with the order of Defendant OFFICER CORREA.  Defendant Officer CORREA then proceeded to physically search the Plaintiff, then took the Plaintiff to the NEW YORK CITY POLICE DEPARTMENT precinct, which is located inside the Union Square subway station.  Once inside the precinct the Plaintiff was subjected another search of his person by Defendant Officer CORREA, who took the Plaintiff's ring and vouchered the Plaintiff's property as "arrest evidence", with the approval of Defendant NEW YORK CITY POLICE LIEUTENANT ANGELA MORRIS.  The Plaintiff was subsequently fingerprinted and photographed by Defendant OFFICER CORREA and held in custody at the precinct for approximately four hours.  The Plaintiff was then transported to Central Booking where he was photographed and fingerprinted a second time by members of THE NEW YORK CITY POLICE DEPARTMENT.  While in central booking, the Plaintiff, who had earlier suffered a broken femur, was forced to lie on the floor for several hours in a small, overcrowded cell aggravating his pre-existing injury.  After approximately twenty hours in the custody of THE NEW YORK CITY POLICE DEPARTMENT the Plaintiff was released on his recognizance. As a result of the Plaintiff's arrest by Defendant OFFICER CORREA, which was approved by named Defendant LIEUTENANT ANGELA MORRIS, the Plaintiff missed his job pick up for the day.  The Plaintiff was subsequently arraigned upon the sworn criminal court complaint of Defendant OFFICER CORREA, wherein the Plaintiff was charged by THE MANHATTAN DISTRICT ATTORENY'S OFFICE with the crime of Criminal Possession of a Weapon in the Fourth Degree (NY Penal Law Section 265.01), based upon the sworn Criminal Court complaint of Defendant OFFICER CORREA.   The Plaintiff, who was

required to attend Court to defend himself against the false criminal charges levied against

him by Defendant OFFICER CORREA, eventually met with members of the MANHATTAN

DISTRICT ATTORNEY'S OFFICE, who dismissed the criminal case against the Plaintiff on

January 13, 2015.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment

## to the United States Constitution-False Arrest

13.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through

Twelve (12) as if fully set forth herein.

14.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

OFFICER CORREA acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully,

handcuffing, arresting, and physically searching Plaintiff, without lawful reason or probable cause.

15.  That the actions of Defendant NMEW YORK CITY POLICE OFFICER CORREA,

occurred in and during the course and scope of his duties and functions as a New York City Police

Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE

DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and

hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to

## the United States Constitution-1983-Malicious Prosecution

16.  Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through

Fifteen (15) as if fully set forth herein.

17.   That upon information and belief, the conduct of Defendants NEW YORK CITY POLICE OFFICER CORREA and NEW YORK CITY POLICE LIEUTENANT ANGELA MORRIS, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

18.   As a consequence of the actions of Defendants, NEW YORK CITY POLICE OFFICER CORREA and NEW YORK CITY POLICE LIEUTENANT ANGELA MORRIS, the Plaintiff was required to make Court appearances and incur lost time from work to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIRST STATE LAW CLAIM

19.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20.   That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER CORREA,   Shield # 7869, resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

21.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22.   That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER

CORREA resulted in the intentional and injury of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

23.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully stated herein.

24.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants NEW YORK CITY POLICE OFFICER CORREA, Shield # 7869 and NEW YORK CITY POLICE LIEUTENANT ANGELA MORRIS which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

25.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26.  That the Defendant NEW YORK CITY POLICE OFFICER CORREA caused injury and emotional distress upon Plaintiff, causing Plaintiff to suffer physical injury, severe anxiety, public humiliation and embarrassment, and incurrence of monetary damages, including medical and legal bills and pain and suffering.

### FIFTH STATE LAW CLAIM

27.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat

Superior, is liable for the actions of Defendant NEW YORK CITY POLICE LIEUTENANT ANGELA MORRIS, which resulted in the physical injury, wrongful taking of property, infliction of emotional distress, public humiliation and embarrassment upon Plaintiff.

## SIXTH STATE LAW CLAIM

29.  The Plaintiff incorporates by reference the allegations contained in paragraphs One 91) through Twenty Eight (28) as if fully set forth herein.

30.  That the Defendants, NEW YORK CITY POLICE OFFICER CORREA and NEW YORK CITY POLICE LIEUTENANT ANGELA MORRIS unlawfully imprisoned Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all

Defendants:

    1.  Compensatory Damages for Plaintiff.

    2.  Punitive Damages against Defendants, New York City Police Officer CORREA, Shield #

7869, and New York City Police Lieutenant ANGELA MORRIS, both of Transit Bureau 4 of

THE NEW YORK CITY POLICE DEPARTMENT..

    3.  A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the

instant action, and Attorney's fees.

    4.  Such other and further relief as the Court may deem necessary and appropriate, including

declaratory relief.


Dated: May 27, 2015

                                   _____

                                   VICTOR M. BROWN, ESQ.
                                   (VB-5289)
                                   Attorney for Plaintiff
                                   11 Park Place, Suite 600
                                   New York, New York 10007
                                   (212) 227-7373
                                   Fax(212) 227-2330
                                   E: vbrownlaw@yahoo.com